## Gaynor License

*Jarrett W. Jennings*, for appellant.

*Jacob Schiffman*, for Commonwealth.

PINOLA, J., April 20, 1961.—This is an appeal by Donald Gaynor, of Wilkes-Barre, from a suspension

of his operator's license for a period of one month because of a conviction for speeding.

The case was heard de novo by Judge Pinola, but because appellant's counsel questioned the competency of the certificate of speedometer inspection, the question was argued before the court en banc in order that a policy might be established by the entire court.

It appears that appellant was arrested and fined for speeding on May 13, 1960, on route 6, at a point about four miles east of Tunkhannock.

In support of his arrest, the officer produced a certificate of inspection of the speedometer of the motor vehicle which he was driving at the time the arrest was made. The form furnished by the Department of Revenue provides that the testing station on a certain date "(1) tested for accuracy, (2) adjusted for accuracy, and (3) found to be      % accurate, the speedometer in the      motor vehicle."

The testing station in this instance x'd out phrase (2) and inserted "99" in the percent blank.

On other occasions, we have had certificates which recited that the speedometer tested was found to be 100 percent accurate and others found to be 98 percent accurate.

Appellant objected to the certificate as not complying with the requirement of The Vehicle Code.

Under section 1002 (d) (1), Act of April 29, 1959, P. L. 58, as amended, 75 PS §1002 (d) (1), when one is charged with speeding by a police officer using a motor vehicle, the speedometer must have been tested for accuracy within a period 30 days prior to the alleged violation.

"An official certificate . . . showing such test was made, that the speedometer was adjusted for accuracy, if necessary, the date thereof, and the degree of accuracy of such speedometer, shall be competent and prima facie evidence of the fact that such certificate

was issued by an official speedometer testing station approved by the secretary, and of the accuracy of the speedometer . . ."

We agree with Judge Henninger who declared in Appeal of Davis, 20 Lehigh 284, 288, "that the provision for timing speed with a tested speedometer was for the motorist's protection," but we do not subscribe to his statement "that the Act does not put in issue the accuracy of the speedometer but simply the fact of its having been tested."

The speedometer used in the arrest must be accurate. In The Vehicle Code of April 29, 1959, supra, the legislature changed the language of the section. Now the certificate must show that the speedometer was adjusted for accuracy "if necessary." The words "after adjustment" in connection with the degree of accuracy were deleted.

As we read, the language used is inapt and in order to make sense there must be a slight transposition of words. This we are permitted to make: Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 53, 46 PS §553. To be clear, the sentence should read:

"An official certificate . . . showing such test was made, the degree of accuracy of such speedometer and that the speedometer was adjusted for accuracy, if necessary, shall be competent and prima facie evidence of the fact that such certificate was issued by an official speedometer testing station . . . and of the accuracy of the speedometer."

Just as something is either right or not, we believe that a speedometer is either accurate, that is, free from error, or that it is not. There are no degrees of accuracy. For practical purposes, however, we are willing to consider as accurate a speedometer which is 99 percent efficient or 98 percent efficient. Some day we will be faced with the problem of deciding the

limit of our tolerance. Right now, we will say that we do not agree with counsel for the Commonwealth that a certificate showing 60 percent efficiency is valid and competent. He argues that any certificate is competent and that it is only a question of the weight which will be given to it by the court. As we see it, the legislature intends that in violations of the code the test shall be made with a speedometer which is accurate.

We hold that the certificate offered complies with the requirement of The Vehicle Code and is admissible.

Under the testimony, we reach the following

### Conclusion

The appeal cannot be sustained, and we enter the following ### Order

Now, April 20, 1961, at 3 p.m., the order heretofore entered is revoked and we decree that appellant is subject to the suspension of his operator's license and the same is suspended for a period of one month.